IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| SANDRA BISHOP, JOANNE GONZALEZ, CHRISTINA SETTLE, and HEATHER WHITE, | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. 2:23-cv-176 |
| BHAVIHAYAN HOSPITALITY, LLC (a/k/a Red Roof Inn), BHAVIHAYAN HOSPITALITY NO. 1, LLC (a/k/a The Executive Inn & Suites), BHAVIHAYAN HOSPITALITY NO. 2 (a/k/a Relax Inn), and JIMMY PATEL, | § § § § § § § | |
| Defendants. | § § | |

## PLAINTIFFS' ORIGINAL COMPLAINT

Plaintiffs Sandra Bishop ("Bishop"), Joanne Gonzalez ("Gonzalez"), Christina Settle ("Settle"), and Heather White ("White") (collectively "Plaintiffs") complain of Bhavihayan Hospitality, LLC (a/k/a Red Roof Inn) (hereafter "Red Roof Inn"), Bhavihayan Hospitality No. 1, LLC (a/k/a The Executive Inn & Suites) (hereafter "Executive Inn"), Bhavihayan Hospitality No. 2, LLC (a/k/a Relax Inn) (hereafter "Relax Inn"), and Jimmy Patel (hereafter "Mr. Patel") (collectively "Defendants"), as follows:

## I.     NATURE OF THE CASE

1.     This is a civil action brought by Plaintiffs pursuant to the federal Fair Labor Standards Act, 29 U.S.C. §§ 201-219, and the federal Portal-to-Portal Pay Act, 29 U.S.C. §§ 251-262, (collectively "FLSA") for unpaid overtime wages (all Plaintiffs), unpaid minimum wages (Plaintiff White only), and related damages.

2.      Red Roof Inn, Executive Inn, and Relax Inn are hotels owned and operated by Mr. Patel in Amarillo, Texas. Those hotels are managed by Mr. Patel and interchange many of the same employees in their daily operations.

3.      Plaintiffs were respectively employed by some or all of those Defendants as summarized in the following table and explained in more detail below:

| Plaintiffs Asserting FLSA Claims Against Specific Defendants | | | | |
|---|---|---|---|---|
| Plaintiff | Bhavihayan Hospitality, LLC (a/k/a Red Roof Inn) | Bhavihayan Hospitality No. 1, LLC (a/k/a The Executive Inn & Suites) | Bhavihayan Hospitality No. 2, LLC (a/k/a Relax Inn) | Jimmy Patel |
| Sandra Bishop | | X | | X |
| Joanne Gonzalez | X | X | X | X |
| Christina Settle | X | X | | X |
| Heather White | X | X | X | X |

4.      Plaintiff Bishop asserts FLSA unpaid overtime wage claims against Defendants Executive Inn and Mr. Patel.

5.      Plaintiff Gonzalez asserts FLSA unpaid overtime wage claims against all Defendants.

6.      Plaintiff Settle asserts FLSA unpaid overtime wage claims against Defendants Red Roof Inn, Executive, Inn, and Mr. Patel.

7.      Plaintiff White asserts FLSA unpaid overtime wage claims against all Defendants. White asserts FLSA unpaid minimum wage claims against the Executive Inn and Mr. Patel.

8.      Plaintiffs seek all damages available under the FLSA, including unpaid overtime wages, liquidated damages, reasonable legal fees, costs, and post-judgment interest.

## II.      THE PARTIES, JURISDICTION, AND VENUE

### A.      Plaintiff Sandra Bishop

9.    Bishop is a natural person who is over the age of 18. Bishop resides in Amarillo, Texas. Bishop has standing to file this lawsuit.

10.    Bishop's claims in this lawsuit are based on her work for Defendants in Amarillo, Texas.

11.    By filing this lawsuit and complaint, Bishop consents to be a party plaintiff to this FLSA action pursuant to 29 U.S.C. § 216(b).

**B.    <u>Plaintiff Joanne Gonzalez</u>**

12.    Gonzalez is a natural person who is over the age of 18. Gonzelez resides in Amarillo, Texas. Gonzalez has standing to file this lawsuit.

13.    Gonzalez's claims in this lawsuit are based on her work for Defendants in Amarillo, Texas.

14.    By filing this lawsuit and complaint, Gonzalez consents to be a party plaintiff to this FLSA action pursuant to 29 U.S.C. § 216(b).

**C.    <u>Plaintiff Christina Settle</u>**

15.    Settle is a natural person who is over the age of 18. Settle resides in Amarillo, Texas. Settle has standing to file this lawsuit.

16.    Settle's claims in this lawsuit are based on her work for Defendants Red Roof Inn, Executive Inn, and Mr. Patel in Amarillo, Texas.

17.    By filing this lawsuit and complaint, Settle consents to be a party plaintiff to this FLSA action pursuant to 29 U.S.C. § 216(b).

**D.    <u>Plaintiff Heather White</u>**

18.    White is a natural person who is over the age of 18. White resides in Amarillo, Texas. White has standing to file this lawsuit.

19.     White's claims in this lawsuit are based on her work for Defendants in Amarillo, Texas.

20.     By filing this lawsuit and complaint, White consents to be a party plaintiff to this FLSA action pursuant to 29 U.S.C. § 216(b).

E.     **Defendant Bhavihayan Hospitality, LLC (a/k/a Red Roof Inn)**

21.     Red Roof Inn is a domestic limited liability company.

22.     Red Roof Inn is registered with the Texas Secretary of State to transact business in Texas.

23.     Red Roof Inn's principal place of business, as listed with the Texas Secretary of State, is 2100 South Coulter, Amarillo, Texas 79106.

24.     At all times during Gonzalez's, Settle's, and White's employment with Red Roof Inn, Red Roof Inn was an "enterprise engaged in commerce" as defined by the FLSA. As of the filing of this lawsuit, Red Roof Inn continues to be an enterprise engaged in commerce.

25.     At all times during Gonzalez's, Settle's, and White's employment with Red Roof Inn, Red Roof Inn employed two or more employees who engaged in commerce and/or who handled, sold, or otherwise worked on goods and/or materials that have been moved in and/or produced for commerce by any person. For example, Red Roof Inn employed two or more employees who regularly handled, sold, and/or otherwise worked on goods and/or materials in their daily work that are/were moved in and/or produced for commerce. Examples of such goods and/or materials include computers, computer accessories, phones, cleaning supplies, cleaning equipment, televisions, linens, and hotel room furniture.

26.     On information and belief, Red Roof Inn had annual gross sales or business volume in excess of $500,000 in 2021 and 2022.

27.     On information and belief, Red Roof Inn has and/or will have annual gross sales or business volume in excess of $500,000 in 2023.

28.     Red Roof Inn may be served with summons through its registered agent, Jimmy Patel, 2100 South Coulter Street, Amarillo, Texas 79106.

**F.    Defendant Bhavihayan Hospitality No. 1, LLC (a/k/a The Executive Inn & Suites)**

29.     Executive Inn is a domestic limited liability company.

30.     Executive Inn is registered with the Texas Secretary of State to transact business in Texas.

31.     Executive Inn's principal place of business, as listed with the Texas Secretary of State, is 2100 South Coulter, Amarillo, Texas 79106.

32.     At all times during Plaintiffs' employment with Executive Inn, Executive Inn is and has been an "enterprise engaged in commerce" as defined by the FLSA.

33.     At all times during Plaintiffs' employment with Executive Inn, Executive Inn employed two or more employees who engaged in commerce and/or who handled, sold, or otherwise worked on goods and/or materials that have been moved in and/or produced for commerce by any person. For example, Executive Inn employed two or more employees who regularly handled, sold, and/or otherwise worked on goods and/or materials in their daily work that are/were moved in and/or produced for commerce. Examples of such goods and/or materials include computers, computer accessories, phones, cleaning supplies, cleaning equipment, televisions, linens, and hotel room furniture.

34.     On information and belief, Executive Inn had annual gross sales or business volume in excess of $500,000 in 2020, 2021, and 2022.

35.     On information and belief, Executive Inn has and/or will have annual gross sales or business volume in excess of $500,000 in 2023.

36.     The Executive Inn may be served with summons through its registered agent, Jimmy Patel, 2100 South Coulter, Amarillo, Texas 79106.

**G.     Bhavihayan Hospitality No. 2, LLC (a/k/a Relax Inn)**

37.     Relax Inn is a domestic limited liability company.

38.     Relax Inn is registered with the Texas Secretary of State to transact business in Texas.

39.     Relax Inn's principal place of business, as listed with the Texas Secretary of State, is 2100 South Coulter, Amarillo, Texas 79106.

40.     At all times during Gonzalez's and White's employment with Relax Inn, Relax Inn is and has been an "enterprise engaged in commerce" as defined by the FLSA.

41.     At all times during Gonzalez's and White's employment with Relax Inn, Relax Inn employed two or more employees who engaged in commerce and/or who handled, sold, or otherwise worked on goods and/or materials that have been moved in and/or produced for commerce by any person. For example, Relax Inn employed two or more employees who regularly handled, sold, and/or otherwise worked on goods and/or materials in their daily work that are/were moved in and/or produced for commerce. Examples of such goods and/or materials include computers, computer accessories, phones, cleaning supplies, cleaning equipment, televisions, linens, and hotel room furniture.

42.     On information and belief, Relax Inn had annual gross sales or business volume in excess of $500,000 in 2022.

43.    On information and belief, Relax Inn has and/or will have annual gross sales or business volume in excess of $500,000 in 2023.

44.    Relax Inn may be served with summons through its registered agent, Jimmy Patel, 2100 South Coulter, Amarillo, Texas 79106.

**H.    Defendant Jimmy Patel**

45.    Mr. Patel is a natural person.

46.    At all times during Plaintiffs' respective employment with Red Roof Inn, Executive Inn, and/or Relax Inn, Mr. Patel has been a member of the limited liability companies established for each such entity.

47.    At all times during Plaintiffs' respective employment with Red Roof Inn, Executive Inn, and/or Relax Inn, Mr. Patel has been an owner of each such entity.

48.    At all times during Plaintiffs' respective employment with Red Roof Inn, Executive Inn, and/or Relax Inn, Mr. Patel had operational control over the day-to-day operations of each such entity.

49.    At all times during Plaintiffs' respective employment with Red Roof Inn, Executive Inn, and/or Relax Inn, Mr. Patel possessed the power to hire and fire employees of each such entity, including Plaintiffs.

50.    At all times during Plaintiffs' respective employment with Red Roof Inn, Executive Inn, and/or Relax Inn, Mr. Patel possessed the power to set the work schedules for employees of each such entity, including Plaintiffs.

51.    At all times during Plaintiffs' respective employment with Red Roof Inn, Executive Inn, and/or Relax Inn, Mr. Patel controlled the conditions of employment for employees of the each such entity. For example, Mr. Patel created and/or facilitated the practice and/or policy for

Plaintiffs to not be paid overtime premium pay for hours Plaintiffs respectively worked over 40 in a seven-day workweek.

52.     At all times during Plaintiffs' respective employment with Red Roof Inn, Executive Inn, and/or Relax Inn, Mr. Patel determined the rates and methods of payment for employees of Red Roof Inn, Executive Inn, and Relax Inn, including Plaintiffs.

53.     Mr. Patel may be served with summons at 2100 South Coulter, Amarillo, Texas 79106.

**I.      Jurisdiction and Venue**

54.     Plaintiffs incorporate the preceding paragraphs by reference as if set forth fully in this section.

55.     The Court has personal jurisdiction over Defendants based on both general and specific jurisdiction.

56.     During all times relevant to this lawsuit, Defendants have done business in the State of Texas and continue to do business in the State of Texas.

57.     The Court has subject matter jurisdiction over this case based on federal question jurisdiction, 28 U.S.C. § 1331, because Plaintiffs base their claims on federal law, namely the FLSA.

58.     Venue is proper in this Court because Red Roof Inn's, Executive Inn's, and Relax Inn's principal places of business are located in this District and Division and Plaintiffs' respective employment with and/or work made the subject matter of this lawsuit occurred in this District and Division.

### III.      FACTUAL BACKGROUND

59.     Plaintiffs incorporate the preceding paragraphs by reference as if set forth fully in this section.

60.     Mr. Patel owns and operates hotels in Amarillo, Texas known as the Red Roof Inn, Executive Inn, and Relax Inn.

**A.     <u>Plaintiff Bishop</u>**

61.     Plaintiff Bishop's dates of employment with Executive Inn are approximately October 1, 2021 through the date this lawsuit was filed. During that time, Bishop primarily worked at the Executive Inn as a housekeeper. Job duties as a housekeeper included vacuuming rooms and other hotel areas, changing linens, cleaning linens, cleaning bathrooms, organizing hotel rooms, and other work necessary to prepare hotel rooms for guests.

62.     Initially, Executive Inn paid Bishop based on the number of rooms she worked (i.e., rooms cleaned), such rate typically being approximately $4.75 per room. When paid on a per room basis, Bishop regularly worked in excess of 40 hours per seven-day workweek. However, Executive Inn did not pay Bishop time and one-half her regular rate of pay for all such hours worked over 40.  Instead, Bishop was generally paid only her per room rate times the number of rooms cleaned without any overtime premium pay.

63.     Relative to the piece-rate basis of pay (i.e., pay based on the number of rooms worked), Bishop, on the one hand, and Executive Inn and Mr. Patel, on the other hand, made no agreement relative to the provisions of 29 U.S.C. § 207(g).

64.     In approximately late 2022, the Executive Inn changed Bishop's method of pay to hourly, such rate being approximately $7.50 per hour. Bishop continued to work in excess of 40 hours per typical workweek for the Executive Inn when paid on an hourly basis. However, the Executive Inn did not pay Bishop time and one-half her regular rate of pay for all such hours worked over 40 because she was required to work off-the-clock hours. Additionally, the Executive Inn paid Bishop cash for some hours during seven-day workweeks and by check for other hours

worked in the same workweek. Hours paid by cash were not listed in earnings statements and not counted towards overtime hours which resulted in Bishop not being paid time and one-half her regular rate of pay for all hours worked over 40 per seven-day workweek when paid on an hourly basis.

65.     During the times of her employment with Executive Inn, Bishop generally resided at the Executive Inn and approximately $500.00 per month was deducted from Bishop's pay for that lodging.

**B.     Plaintiff Gonzalez**

66.     Plaintiff Gonzalez's dates of employment with Executive Inn are approximately October 19, 2019 to approximately October 23, 2023.

67.     From approximately October 19, 2019 to approximately November 2022, Gonzalez primarily did housekeeper work at the Executive Inn, but was frequently sent to work rooms as a housekeeper at the Red Roof Inn. Job duties as a housekeeper included vacuuming rooms and other hotel areas, changing linens, cleaning linens, cleaning bathrooms, organizing hotel rooms, and other work necessary to prepare hotel rooms for guests.

68.     Relative to housekeeper work, Gonzalez was typically paid based on the number of rooms worked (i.e., rooms cleaned), such rate being approximately $4.75 per room. Gonzalez regularly worked in excess of 40 hours per seven-day workweek as a housekeeper for Executive Inn and Red Roof Inn but was not paid time and one-half her regular rate of pay for all such hours worked over 40. Instead, Gonzalez was generally paid only her per room rate times the number of rooms cleaned without any overtime premium pay.

69.     Relative to the piece-rate basis of pay (i.e., pay based on the number of rooms worked), Gonzalez, on the one hand, and Executive Inn, Red Roof Inn, and Mr. Patel, on the other hand, made no agreement relative to the provisions of 29 U.S.C. § 207(g).

70.     From approximately November 2022 to October 23, 2023, Gonzalez typically worked the front desk at the Executive Inn, and was paid on an hourly basis, such hourly rate typically being $10.00. At times, she also had to cover the front desk at the Relax Inn. When paid hourly as a front desk worker, Gonzalez regularly worked in excess of 40 hours per seven-day workweek. However, Gonzalez was not paid time and one-half her regular rate of pay for all such hours worked over 40 due to being required to work off-the-clock.

71.     Gonzalez resided at the Executive Inn and approximately $500.00 per month was deducted from her wages for that lodging. When Gonzalez was not working a scheduled shift at the front desk, she was regularly called to work, off-the-clock, performing work such as helping guests check into room, addressing issues with televisions in guest rooms, and other work.

**C.    Plaintiff Settle**

72.     Plaintiff Settle was employed by the Executive Inn from approximately January 15, 2020 to approximately September 10, 2021 and the Red Roof Inn from approximately March 10, 2022 to May 10, 2022.

73.     Settle was employed by Executive Inn as a housekeeper. Job duties as a housekeeper included vacuuming rooms and other hotel areas, changing linens, cleaning linens, cleaning bathrooms, organizing hotel rooms, and other work necessary to prepare hotel rooms for guests.

74.     The Executive Inn paid Settle on a per room basis at a rate of approximately $3.50 per room worked (i.e., per room cleaned) and eventually changed her to an hourly basis of

approximately $10.00 per hour. Red Roof Inn paid Plaintiff Settle on a per room basis at a rate of approximately $5.00 per room worked (i.e., per room cleaned) and eventually changed her to an hourly basis of approximately $11.00 per hour.

75.    Relative to the piece-rate basis of pay (i.e., pay based on the number of rooms worked), Settle, on the one hand, and Executive Inn, Red Roof Inn, and Mr. Patel, on the other hand, made no agreement relative to the provisions of 29 U.S.C. § 207(g).

76.    When paid on a per room basis, Settle routinely worked in excess of 40 hours per seven day workweek. However, Settle was not paid time and one-half her regular rate of pay for all such hours worked over 40. Instead, Settle was generally paid only her per room rate times the number of rooms cleaned without any overtime premium pay. When paid on an hourly basis, Settle routinely worked in excess of 40 hours per seven-day workweek. However, the Executive Inn and Red Roof Inn did not pay Settle time and one-half her regular rate of pay for all such hours worked over 40 because she was required to work off-the-clock hours. Additionally, the Executive Inn and Red Roof Inn paid Settle cash for some hours during seven-day workweeks and by check for other hours worked in the same workweek. Hours paid by cash were not listed in earnings statements and not counted towards overtime hours which resulted in Settle not being paid time and one-half her regular rate of pay for all hours worked over 40 per seven-day workweek when paid on an hourly basis.

**D.    Plaintiff White**

77.    Plaintiff White was employed by Executive Inn from approximately March 2019 to approximately February 2021, Red Roof Inn from approximately February 2022 to approximately February 2023, and Relax Inn from approximately June 2023 through the date this lawsuit was filed.

78.    White worked as a housekeeper for Executive Inn, Red Roof Inn, and Relax Inn. Job duties as a housekeeper included vacuuming rooms and other hotel areas, changing linens, cleaning linens, cleaning bathrooms, organizing hotel rooms, and other work necessary to prepare hotel rooms for guests.

79.    The Executive Inn generally paid White on a per room basis at a rate of approximately $4.25 per room worked (i.e., per room cleaned).

80.    Relative to the piece-rate basis of pay (i.e., pay based on the number of rooms worked), White, on the one hand, and Executive Inn and Mr. Patel, on the other hand, made no agreement relative to the provisions of 29 U.S.C. § 207(g).

81.    White regularly worked in excess of 40 hours per seven-day workweek when paid on a per room basis by Executive Inn but was not paid time and one-half her regular rate of pay for any hours worked over 40 per workweek. Instead, White was generally paid only her per room rate times the number of rooms cleaned without any overtime premium pay. Additionally, White was not paid at least $7.25 per hour worked when paid on a per room basis. When dividing gross weekly pay to White by all corresponding weekly hours worked when she was paid on a per room basis, the average hourly rate was routinely less than $7.25 per hour.

82.    White regularly worked in excess of 40 hours per seven-day workweek when paid on an hourly basis by Red Roof Inn and Relax Inn but was not paid time and one-half her regular rate of pay for all such hours worked over 40 per workweek because she was required to work hours off-the-clock in addition to being paid cash for some hours worked. Red Roof Inn and Relax Inn paid White cash for some hours during seven-day workweeks and by check for other hours worked in the same workweek. Hours paid by cash were not listed in earnings statements and not counted towards overtime hours which resulted in White not being paid time and one-half her

regular rate of pay for all hours worked over 40 per seven-day workweek when paid on an hourly basis.

83.    Additionally, the Executive Inn and Mr. Patel routinely deducted remuneration from White's pay that is labeled as "advance payback" which was usually approximately $200.00 to $300.00 per two week pay period. However, the Executive Inn and Mr. Patel did not provide White with such advances. After that "advance payback" deduction, White's gross pay per two week pay period, when divided by the hours worked in each such workweek in that pay period, typically resulted in White being paid less than $7.25 per hour worked.

## IV.    CONTROLLING LEGAL RULES

84.    The FLSA provides that "[e]very employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at … not less than … $7.25 an hour." 29 U.S.C. § 206(a)(1)(C).

85.    The FLSA states that "no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1).

86.    "Employ" includes to suffer or permit work. 29 U.S.C. § 203(g).

87.    "The FLSA defines an employee as any individual employed by an employer." *Lovo v. Express Courier Intl., Inc.*, 4:16-CV-853-Y, 2019 WL 387367, at *2 (N.D. Tex. Jan. 30, 2019) (citing 29 U.S.C. § 203(e)(1) (brackets and quotations omitted)). "Employer includes any person acting directly or indirectly in the interest of an employer in relation to an employee." *Id.*

(citing 29 U.S.C. § 203(d)). "[E]mploy means to suffer or permit to work." *Id.* (citing 29 U.S.C. § 203(g) (quotations omitted)). Accordingly, "the definition of employee under the FLSA is particularly broad." *Id.* (citing *Hopkins v. Cornerstone Am.*, 545 F.3d 338, 343 (5th Cir. 2008) (brackets omitted)).

88.    Individual owners, officers, and/or managers may be liable, along with corporate employer, for FLSA damages to employees. *See, e.g., Gray v. Powers*, 673 F.3d 352, 357 (5th Cir. 2012). ("The dominant theme in the case law is that those who have operating control over employees within companies may be individually liable for FLSA violations committed by the companies."). To determine whether an individual or entity is an employer, the court considers whether the alleged employer: "(1) possessed the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Gray v. Powers*, 673 F.3d 352, 355 (5th Cir. 2012) (citing *Williams v. Henagan*, 595 F.3d 610, 620 (5th Cir.2010)). At least one of those four elements needs to be present in order to show that an individual is an employer under the FLSA. *Gray*, 673 F.3d at 357.

89.    "The joint employment doctrine treats a worker's employment by joint employers as one employment for purposes of determining compliance with the FLSA's wage and hour requirements." *Seong Song v. JFE Fran., Inc.*, 394 F. Supp. 3d 748, 754–55 (S.D. Tex. 2019) (citing *Salinas v. Commercial Interiors, Inc.*, 848 F.3d 125, 134 (4th Cir. 2017); 29 C.F.R. § 791.2(a) (quotations omitted)). "Under the FLSA, a single worker may stand in the relation of an employee to two or more employers at the same time." *Id.* at 754 (citing 29 C.F.R. § 791.2(a) (quotations and brackets omitted)). "If all the relevant facts establish that those employers are acting entirely independently of each other and are completely disassociated with respect to the

employment of the employee, then they are treated as separate and distinct employers. *Id.* (quotation and citation omitted). "On the other hand, if the facts show that employment by one employer is not completely disassociated from employment by the other employer(s), then they are treated as joint employers." *Id.* (citing 29 C.F.R. § 791.2(a); *Donovan v. Sabine Irrigation Co.*, 695 F.2d 190, 194 (5th Cir. 1983) (recognizing that the term "employer" "has been interpreted to encompass one or more joint employers")).

90.    "Thus, a finding of joint employment requires that the hours an employee works for each joint employer be aggregated for overtime pay purposes and that the joint employers be held jointly and severally liable for any failure to pay proper overtime compensation. *Id.* (citing *Wirtz v. Hebert*, 368 F.2d 139, 141 (5th Cir. 1966); *Mitchell v. John R. Cowley & Bro., Inc.*, 292 F.2d 105, 111–12 (5th Cir. 1961). "Joint employment is construed broadly, and labels and contractual terms used in a particular relationship are largely unimportant." *Id.* "Joint employment is construed broadly, and labels and contractual terms used in a particular relationship are largely unimportant." *Parker v. ABC Debt Relief, Ltd. Co.*, 3:10-CV-1332-P, 2013 WL 371573, at *4 (N.D. Tex. Jan. 28, 2013).

91.    Federal law requires employers to make and keep accurate and detailed payroll data for non-exempt employees. 29 U.S.C. § 211(c); 29 C.F.R. § 516.2. Among other things, the regulations require employers to make and keep payroll records showing data such as the employee's name, social security number, occupation, time of day and day of week which the workweek begins, regular hourly rate of pay for any week in which overtime pay is due, hours worked each workday and total hours worked each workweek, total daily or weekly straight time earnings, total premium pay for overtime hours, total wages paid each pay period and date of payment and pay period covered by the payment, and records of remedial payments. 29 C.F.R. §

516.2(a)&(b). Employers are required to maintain the foregoing data for a minimum of three years. 29 C.F.R. § 516.5.

92.    The FLSA defines the "regular rate" as including "all remuneration for employment paid to, or on behalf of, the employee … ." 29 U.S.C. § 207(e).

93.    With a few limited exceptions, all remuneration given to an employee must be included in the employee's regular rate calculation. 29 U.S.C. § 207(e); 29 C.F.R. § 778.108; *accord Allen v. Board of Pub. Educ. For Bibb Cty.*, 495 F. 3d 1306, 1311 (11th Cir. 2007).

94.    "The employer bears the burden of demonstrating that certain payments should not be included in determining its employees' regular rate." *Meadows v. Latshaw Drilling Co., LLC*, 338 F. Supp. 3d 587, 591 (N.D. Tex. 2018) (citing *Idaho Sheet Metal Works, Inc. v. Wirtz*, 383 U.S. 190, 209, 86 S.Ct. 737, 15 L.Ed.2d 694 (1966); *Johnson v. Big Lots Stores, Inc.*, 604 F. Supp. 2d 903, 927 (E.D. La. 2009)). *See also*, *Smiley v. E.I. Dupont De Nemours & Co.*, 839 F.3d 325, 330 (3d Cir. 2016) (The employer bears the burden of proof to establish that remuneration can be excluded from the regular rate of pay pursuant to one of the statutory exclusions set forth in 29 U.S.C. § 207(e)).

95.    A piece-rate system is permissible under the FLSA only where the parties agree that all of an employee's hours, including nonproductive hours, are compensated and included in the employee's total working time and where the employer continues to comply with the statute's overtime provisions." *Hall v. DIRECTV, LLC*, 846 F.3d 757, 773 (4th Cir. 2017), *cert. denied*, 138 S. Ct. 635, 199 L. Ed. 2d 526 (2018) (citing 29 C.F.R. § 778.318).

96.    "Computation of the overtime rate under the FLSA requires that the Court first determine [p]laintiffs' regular rate of pay. The regular rate must be expressed in terms of an hourly rate, regardless of the methodology by which the employee is paid." 29 C.F.R. § 778.109.

97.    "While dividing all compensation paid by all hours worked may yield the correct regular hourly rate for most pay schemes, the FLSA requires special handling where piece rates apply." *Serrano v. Republic Servs., Inc.*, No. 2:14-CV-77, 2017 WL 2531918, at *7 (S.D. Tex. June 12, 2017).

98.    "In the absence of any agreement setting a different rate for nonproductive hours, the employee would be owed compensation at the regular hourly rate set for productive work for all hours up to 40 and at a rate at least one and one-half times that rate for hours in excess of 40." 29 C.F.R. § 778.318(b) (emphasis added) (hereafter the "Default Rule"). *See also, Serrano*, 2017 WL 2531918, at *9 (determining that absent an agreement to the contrary that is consistent with the provisions of 29 U.S.C. § 207(g) (which is discussed *infra*), "the regular rate is the total piece rate compensation divided by only the number of [productive] hours worked to earn that compensation").

99.    The FLSA allows for deviation from the Default Rule as follows assuming there is an agreement between the employer and employee for same.

> No employer shall be deemed to have violated [29 U.S.C. § 207(a)] by employing any employee for a workweek in excess of the maximum workweek applicable to such employee under such subsection if, <u>pursuant to an agreement or understanding arrived at between the employer and the employee before performance of the work</u>, the amount paid to the employee for the number of hours worked by him in such workweek in excess of the maximum workweek applicable to such employee under such subsection -
>
> > (1) in the case of an employee employed at piece rates, is computed at piece rates not less than one and one-half times the bona fide piece rates applicable to the same work when performed during nonovertime hours; or
> >
> > (2) in the case of an employee performing two or more kinds of work for which different hourly or piece rates have been established, is computed at

rates not less than one and one-half times such bona fide rates applicable to the same work when performed during nonovertime hours; or

(3) is computed at a rate not less than one and one-half times the rate established by such agreement or understanding as the basic rate to be used in computing overtime compensation thereunder: Provided, that the rate so established shall be authorized by regulation by the Administrator as being substantially equivalent to the average hourly earnings of the employee, exclusive of overtime premiums, in the particular work over a representative period of time;

and if (i) the employee's average hourly earnings for the workweek exclusive of payments described in [29 U.S.C. § 207(e)(1)-(7)] are not less than the minimum hourly rate required by applicable law, and (ii) extra overtime compensation is properly computed and paid on other forms of additional pay required to be included in computing the regular rate.

29 U.S.C. § 207(g) (emphasis added). That statute has been interpreted as "requiring, when an employee works at a piece rate, some agreement or understanding regarding what the piece rate covers—and an overtime rate that does not fall below one and one-half times the resulting regular rate." *Serrano*, 2017 WL 2531918, at *9. But again, if there is no such agreement (which is the case in this lawsuit), then the Default Rule applies. *Serrano*, 2017 WL 2531918, at *9 (citing 29 C.F.R. § 778.318(b)).

100.    However, regardless of whether the regular rate Default Rule applies, or an agreement compliant with 29 U.S.C. § 207(g) for the regular rate applies, overtime for piece rate pay must still be paid at time and one-half the regular rate of pay. *Compare* 29 C.F.R. § 778.318(b) *with* 29 U.S.C. § 207(g).

101.    The FLSA requires wage payments to employees to be "free and clear." *See* 29 C.F.R. § 531.35 ("Whether in cash or in facilities, wages cannot be considered to have been paid

by the employer and received by the employee unless they are paid finally and unconditionally or free and clear. The wage requirements of the [FLSA] will not be met where the employee kicks-back directly or indirectly to the employer or to another person for the employer's benefit the whole or part of the wage delivered to the employee. This is true whether the kick-back is made in cash or in other than cash. For example, if it is a requirement of the employer that the employee must provide tools of the trade which will be used in or are specifically required for the performance of the employer's particular work, there would be a violation of the [FLSA] in any workweek when the cost of such tools purchased by the employee cuts into the minimum or overtime wages required to be paid him under the [FLSA]." (quotations omitted)).

102.    "An employer may not withhold or divert any part of an employee's wages unless the employer: (1) is ordered to do so by a court of competent jurisdiction; (2) is authorized to do so by state or federal law; or (3) has written authorization from the employee to deduct part of the wages for a lawful purpose." Tex. Lab. Code § 61.018.

103.    "Any employer who violates the provisions of [29 U.S.C. § 206] or [29 U.S.C. § 207] … shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages. … The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b).

## V.    FLSA CLAIMS

104.    Plaintiffs incorporate the preceding paragraphs by reference as if set forth fully in this section.

105.    Bishop is and was employee of the Executive Inn pursuant to the FLSA. 29 U.S.C. § 203(e).

106.    Bishop is and was an employee of Mr. Patel pursuant to the FLSA. *Gray*, 673 F.3d at 357.

107.    At all times during Bishop's employment with Executive Inn and Mr. Patel, Bishop was a covered employee under 29 U.S.C. § 206(a) and 29 U.S.C. § 207(a)(1) relative to that employment.

108.    Bishop routinely worked in excess of 40 hours per seven-day workweek as an employee of the Executive Inn and Mr. Patel. However, the Executive Inn and Mr. Patel did not pay Bishop time and one-half her regular rate of pay for all hours worked over 40 in each and every such seven-day workweek. The failure to timely pay all overtime wages owed is a violation of the FLSA. 29 U.S.C. § 207(a)(1).

109.    Gonzalez was an employee of the Executive Inn pursuant to the FLSA. 29 U.S.C. § 203(e).

110.    Gonzalez was an employee of the Red Roof Inn pursuant to the FLSA. 29 U.S.C. § 203(e).

111.    Gonzalez was an employee of the Relax Inn pursuant to the FLSA. 29 U.S.C. § 203(e).

112.    Gonzalez was an employee of Mr. Patel pursuant to the FLSA. *Gray*, 673 F.3d at 357.

113.    The Executive Inn, Red Roof Inn, Relax Inn, and Mr. Patel are and were joint employers of Gonzalez relative to her claims in this lawsuit. *Wirtz*, 368 F.2d at 141.

114.    At all times during Gonzalez's employment with Executive Inn, Red Roof Inn, Relax Inn, and Mr. Patel, Gonzalez was a covered employee under 29 U.S.C. § 206(a) and 29 U.S.C. § 207(a)(1) relative to that employment.

115.    Gonzalez routinely worked in excess of 40 hours per seven-day workweek as an employee of the Executive Inn, Red Roof Inn, Relax Inn, and Mr. Patel. However, the Executive Inn, Red Roof Inn, Relax Inn, and Mr. Patel did not pay Gonzalez time and one-half her regular rate of pay for all hours worked over 40 in each and every such seven-day workweek. The failure to timely pay all overtime wages owed is a violation of the FLSA. 29 U.S.C. § 207(a)(1).

116.    Settle was an employee of the Executive Inn pursuant to the FLSA. 29 U.S.C. § 203(e).

117.    Settle was an employee of the Red Roof Inn pursuant to the FLSA. 29 U.S.C. § 203(e).

118.    Settle was an employee of Mr. Patel pursuant to the FLSA. *Gray*, 673 F.3d at 357.

119.    At all times during Settle's employment with Executive Inn, Red Roof Inn, and Mr. Patel, Settle was a covered employee under 29 U.S.C. § 206(a) and 29 U.S.C. § 207(a)(1) relative to that employment.

120.    Settle routinely worked in excess of 40 hours per seven-day workweek as an employee of the Executive Inn, Red Roof Inn, and Mr. Patel. However, the Executive Inn, Red Roof Inn, and Mr. Patel did not pay Settle time and one-half her regular rate of pay for all hours worked over 40 in each and every such seven-day workweek. The failure to timely pay all overtime wages owed is a violation of the FLSA. 29 U.S.C. § 207(a)(1).

121.    White was an employee of the Executive Inn pursuant to the FLSA. 29 U.S.C. § 203(e).

122.    White was an employee of the Red Roof Inn pursuant to the FLSA. 29 U.S.C. § 203(e).

123.    White was and is an employee of the Relax Inn pursuant to the FLSA. 29 U.S.C. § 203(e).

124.    White was and is an employee of Mr. Patel pursuant to the FLSA. *Gray*, 673 F.3d at 357.

125.    At all times during White's employment with Executive Inn, Red Roof Inn, Relax Inn, and Mr. Patel, White was a covered employee under 29 U.S.C. § 206(a) and 29 U.S.C. § 207(a)(1) relative to that employment.

126.    White routinely worked in excess of 40 hours per seven-day workweek as an employee of the Executive Inn, Red Roof Inn, Relax Inn, and Mr. Patel. However, the Executive Inn, Red Roof Inn, Relax Inn, and Mr. Patel did not pay White time and one-half her regular rate of pay for all hours worked over 40 in each and every such seven-day workweek. The failure to timely pay all overtime wages owed is a violation of the FLSA. 29 U.S.C. § 207(a)(1).

127.    The Executive Inn and Mr. Patel did not pay White the FLSA's minimum hourly wage rate for all hours worked per seven-day workweek when she was paid on a per room basis. When dividing White's gross remuneration in a given seven-day workweek when paid on a per room basis by all corresponding hours worked per workweek, White's average hourly rate of pay was routinely been below $7.25 per hour. Furthermore, improper deductions for alleged advance paybacks, also reduced White's weekly average hourly rate below $7.25 per hour in addition to reducing the amount of overtime wages she should have been paid.

128.    At all times relevant to the claims against the Executive Inn in this lawsuit, the Executive Inn is and has been an eligible and covered employer under the FLSA. 29 U.S.C. § 203(d).

129.    At all times relevant to the claims against Red Roof Inn in this lawsuit, the Red Roof Inn is and has been an eligible and covered employer under the FLSA. 29 U.S.C. § 203(d).

130.    At all times relevant to the claims against the Relax Inn in this lawsuit, the Relax Inn is and has been an eligible and covered employer under the FLSA. 29 U.S.C. § 203(d).

131.    At all times relevant to the claims in this lawsuit, Mr. Patel is and has been an eligible and covered employer under the FLSA. 29 U.S.C. § 203(d).

132.    At all times relevant to the claims against the Executive Inn in this lawsuit, the Executive Inn is and has been an enterprise engaged in commerce under the FLSA. 29 U.S.C. § 203(s)(1)(A).

133.    At all times relevant to the claims against the Red Roof Inn in this lawsuit, the Red Roof Inn is and has been an enterprise engaged in commerce under the FLSA. 29 U.S.C. § 203(s)(1)(A).

134.    At all times relevant to the claims against the Relax Inn in this lawsuit, the Relax Inn is and has been an enterprise engaged in commerce under the FLSA. 29 U.S.C. § 203(s)(1)(A).

135.    Defendants' violations of the FLSA are and/or were willful within the meaning of 29 U.S.C. § 255(a). Defendants were aware that Plaintiffs were not paid time and one-half their respective regular rate of pay for all hours the each worked over 40 in each and every seven-day workweek. Accordingly, Defendants knew and/or had reason to believe that Plaintiffs were working overtime hours for which they were not paid all FLSA overtime premium pay owed. Defendants also failed to keep an accurate record of Plaintiffs' respective daily and weekly hours worked relative to time periods they were paid on a per room basis, time periods they worked off-the-clock, and/or time periods they were paid cash for hours worked. An employer's "failure to keep accurate or complete records of employment" is evidence of a willful FLSA violation.

*Bingham v. Jefferson County, Tex.*, 1:11-CV-48, 2013 WL 1312563, at *14 (E.D. Tex. Mar. 1, 2013), *report and recommendation adopted as modified,* 1:11-CV-48, 2013 WL 1312014 (E.D. Tex. Mar. 27, 2013). *See also, Solano v. Ali Baba Mediterranean Grill, Inc.*, 3:15-CV-0555-G, 2016 WL 808815, at *5 (N.D. Tex. Mar. 2, 2016) (Fish, J.) (same).

136.    Plaintiffs seek all damages available for the Executive Inn's, Red Roof Inn's, Relax Inn's and/or Mr. Patel's failure to timely pay them all respective FLSA overtime wages and/or minimum wages owed.

## VI.    JURY TRIAL DEMAND

137.    Plaintiffs demand a trial by jury.

## VII.    DAMAGES AND PRAYER

138.    Plaintiffs asks that summonses be issued as to the Executive Inn, Red Roof Inn, Relax Inn, and Mr. Patel and that Plaintiffs be awarded a judgment against the Executive Inn, Red Roof Inn, Relax Inn, and/or Mr. Patel and/or order(s) from the Court for the following:

   a.   All damages allowed by the FLSA, including unpaid overtime wages (all Plaintiffs) and/or unpaid minimum wages (Plaintiff White only),

   b.   Liquidated damages in an amount equal to FLSA unpaid overtime wages and/or unpaid minimum wages,

   c.   Reasonable Legal fees,

   d.   Costs,

   e.   Post-judgment interest, and/or

   f.   All other relief to which Plaintiffs are justly entitled.

Date: November 2, 2023.

Respectfully submitted,

By:     <u>s/ Allen R. Vaught</u>
Allen R. Vaught
Attorney-In-Charge
TX Bar No. 24004966
Vaught Firm, LLC
1910 Pacific Ave., Suite 9150
Dallas, Texas 75201
(972) 707-7816 – Telephone
(972) 591-4564 – Facsimile
avaught@txlaborlaw.com

ATTORNEY FOR PLAINTIFFS